**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 02-4515**

─────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

ANDRE LEWIS,

                              Defendant - Appellant.



─────────────

**No. 02-4516**

─────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

ANDRE LEWIS,

                              Defendant - Appellant.



─────────────

Appeals from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., Chief
District Judge.  (CR-01-114, CR-01-604)

─────────────

Submitted:  June 9, 2003          Decided:  June 26, 2003

Before WILKINSON, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory P. Harris, Columbia, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Eric William Ruschky, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Andre Lewis challenges his convictions and concurrent seventy-eight month sentences for conspiracy to conduct and attempt to conduct embezzlement and misapplication of credit union funds in violation of 18 U.S.C. §§ 657, 1956(a)(1) (2000) in No. 02-4515; and seven counts of knowingly and willfully misapplying moneys, funds, and credits belonging to the credit union, in violation of 18 U.S.C. § 3083 (2000) in No. 02-4516.

Lewis claims the district court erroneously increased his offense level by four levels because his offense "substantially jeopardized the safety and soundness of a financial institution." U.S. Sentencing Guidelines Manual § 2F1.1(b)(8)(A) (2000). He argues that the Government failed to show that the credit union's insolvency was a direct consequence of the offense because the National Credit Union Administration (NCUA) wrote off the loans instead of making an effort to collect on them.

A district court's application of the Sentencing Guidelines is reviewed for clear error as to factual findings; legal determinations are reviewed de novo. United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996). For a sentencing enhancement to apply, the government must prove the facts underlying the enhancement by a preponderance of the evidence. United States v. Hill, 322 F.3d 301, 307 (4th Cir. 2003).

3

Loan losses attributed to the offenses of conviction were $463,035.15. This loss exceeds the loan loss reserve and regular reserve by $131,263.15. Lewis failed to show that any of the loans deemed uncollectible by the NCUA were, in fact, collectible. Therefore, we conclude the district court properly found Lewis substantially jeopardized the safety and soundness of the credit union and affirm Lewis's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4